UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-62214-BLOOM/Valle

UNITED STATES OF AMERICA

    Plaintiff,
v.

CRAIG TOLL, *et al.*,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants Craig and Regina Toll's (collectively, "Defendants") Motion to Dismiss Plaintiff's Complaint to Foreclose, ECF No. [9] (the "Motion"). The Court has reviewed the Motion, all supporting and opposing filings, the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, the Motion is denied.

### I. BACKGROUND

On July 12, 2013, Craig Toll was found guilty in Case No. 12-20901-CR-Dimitrouleas (S.D. Fla.) of conspiracy to commit wire fraud, wire fraud, major fraud against the United States, false statements and conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1349, 1343, 1031(a), 1001(3) and 1956(h). *See* ECF Nos. [1] at ¶ 9 ("Complaint"), [1-7][1] ("Criminal Judgment"). On September 20, 2013, Defendant Craig Toll was sentenced to 48 months imprisonment, and ordered to pay restitution in the amount of $3,300,000.00, plus statutory

---

[1] The Court considers the attached criminal judgment and other pertinent documents on Defendants' Motion to Dismiss because Plaintiff United States refers to said documents in the Complaint, and the Court finds the documents undisputed and central to Plaintiff United States' claims. *See generally Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005).

interest pursuant to 18 U.S.C. § 3612.  *See* Complaint at ¶ 9; Criminal Judgement.  On November 14, 2013, Plaintiff United States (the "Government") recorded a Notice of Lien for Fine and/or Restitution Imposed pursuant to the Sentencing Reform Act of 1984 in Official Records Book 50239, Page 1321 of the Public Records of Broward County, Florida.  *See* Complaint at ¶ 11; ECF No. [1-8].  On September 16, 2016, the Government filed the instant lawsuit to foreclose its criminal restitution judgment lien against the real property located at 1224 N.W. 140th Terrace, Pembroke Pines, FL 33028 – property jointly owned by Defendant Craig Toll and his wife, Defendant Regina Toll.  *See* Complaint at ¶¶ 4, 12.

Defendants filed the instant Motion to Dismiss on October 13, 2016, arguing that the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  *See* ECF No. [9]. The Government's Response, and Defendants' Reply, timely followed.  *See* ECF Nos. [11], [21].

## II.   LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  These elements are

required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

"On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez–Arriola v. White Wilson Med. Ctr. PA*, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). "The movant must support its arguments for dismissal with citations to legal authority." *Id.* (citing S.D. Fla. L. R. 7.1(a)(1)). "Where a defendant seeking

3

dismissal of a complaint under Rule 12(b)(6) does not provide legal authority in support of its arguments, it has failed to satisfy its burden of establishing its entitlement to dismissal." *Id.* (citing *Super. Energy Servs., LLC v. Boconco, Inc.*, 2010 WL 1267173, at *5-6 (S.D. Ala. Mar. 26, 2010) and *United States v. Vernon*, 108 F.R.D. 741, 742 (S.D. Fla. 1986)). It is through these lenses that the Court addresses the instant Motion.

### III. DISCUSSION

In moving the Court to dismiss the Complaint under Rule 12(b)(6), Defendants reassert two arguments they made in a related case involving a different property of theirs. *See United States v. Toll*, No. 16-60922, 2016 WL 4549689 (S.D. Fla. Sept. 1, 2016). Specifically, Defendants argue: (1) that the Government cannot foreclose upon the subject property because the property is jointly owned by Craig Toll and Regina Toll and only Craig Toll is subject to the judgment lien; and (2) that the Complaint fails to allege whether Craig Toll's co-defendant, Claudio Osorio, has paid the restitution balance.[2] The Court once again finds both arguments unavailing.

Before reaching those arguments, however, the Court notes as an initial matter that Defendants have not clearly stated the elements they believe the Government must allege in order to state a claim for foreclosure of a criminal restitution lien against real property.

---

[2] Defendants also assert in their Motion that the Government did not seek a forfeiture judgment in the underlying criminal proceedings, but they do not make an argument in support of dismissal based on that assertion. In any event, the Court notes that 18 U.S.C. § 3664 provides that the United States may enforce an order of restitution in the manner sought by the Government in this case, or "by all other available and reasonable means." 18 U.S.C. §§ 3664(m)(1)(A)(i)-(ii). While § 3664(f)(2)(A) does indeed require that a criminal court "specify in the restitution order the manner in which . . . the restitution is to be paid, in consideration of . . . the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled," Craig Toll's Criminal Judgment explicitly states that the payments ordered "do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations." Criminal Judgment at 5. The instant action, therefore, is consistent with the applicable law and the criminal court's judgment, irrespective of whether the Government sought a forfeiture judgment in the underlying criminal proceedings.

Additionally, Defendants have not provided the Court with a single case in which a comparable complaint was dismissed on account of the pleading deficiencies asserted in their Motion. This lack of guidance is significant because in order to adjudicate any Rule 12(b)(6) motion, a court must first determine the elements necessary for the plaintiff's claim.

The Criminal Judgment held Defendant Craig Toll jointly and severally liable for restitution in the amount of $3,300,000 (plus interest). *See* Criminal Judgment at 5. The Government brings this action pursuant to 28 U.S.C. §§ 2001-2003 and 18 U.S.C. §§ 3613 and 3664 to foreclose a criminal restitution judgment lien. *See* Complaint at ¶¶ 1-2. Under 18 U.S.C. § 3664, the United States may enforce an order of restitution in the manner provided for in subchapter C of chapter 227 of Title 18 (18 U.S.C. §§ 3571–3574) and subchapter B of chapter 229 of Title 18 (18 U.S.C. §§ 3611–3615), or by all other available and reasonable means. *See* 18 U.S.C. §§ 3664(m)(1)(A)(i)-(ii); *see also United States v. Ernst*, 2010 WL 3746950, at *2 (M.D. Fla. Sept. 21, 2010). Here, the Government seeks to utilize § 3613, entitled "Civil remedies for satisfaction of an unpaid fine," a section additionally "available to the United States for the enforcement of an order of restitution." 18 U.S.C. § 3613(f); *see Ernst*, 2010 WL 3746950, at *2. Section 3613(c) provides that "an order of restitution made pursuant to section[] . . . 3664 of this title, is a lien in favor of the United States on all property and rights to property of the person fined *as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986*." (Emphasis added); *see also United States v. De Cespedes*, 603 Fed. Appx. 769, 771 (11th Cir. 2015) (noting that a restitution lien was properly treated as a liability for a tax assessed, and, when recorded, had "the same effect as a federal tax lien"). As explained by the Fifth Circuit Court of Appeals, "a claim based on a general federal tax lien" must allege: (1) the date the Government assessed the tax; (2) that the

government gave notice of the assessment, demanded payment, and filed notice of the lien with the proper authority; and (3) that the government seeks foreclosure of its federal tax lien. *United States v. Blakeman*, 997 F.2d 1084, 1089 (5th Cir. 1992), *opinion withdrawn in part on reh'g sub nom. United States v. Blakeman ex rel. Blakeman* (5th Cir. July 28, 1993); *see also Johansen v. United States*, 392 F. Supp. 2d 56, 62 (D. Mass. 2005), *aff'd*, 506 F.3d 65 (1st Cir. 2007). Such a complaint must "put defendants on notice that the government [is] seeking foreclosure." *Blakeman*, 997 F.2d at 1089.

The Court finds that the Complaint properly puts Defendants on notice that the Government seeks to foreclose a criminal restitution lien against their real property. Specifically, the Complaint: (1) states the date the judgment lien was assessed; (2) provides that the Government gave notice of the assessment, made a demand upon Craig Toll, and filed notice in the public records of Broward County, Florida; and (3) that the Government seeks to foreclose the restitution lien. *See* Complaint at ¶¶ 9-13. Defendants have not offered any authority that suggests or establishes that additional or alternative elements are required to state a claim for foreclosure of a restitution lien.

Turning to the specific arguments raised in the Motion, Defendants first point out that 18 U.S.C. § 3613 does not contain any specific provision that permits the government to enforce a lien against property belonging to a person who was not subject to the underlying criminal restitution judgment lien – such as Regina Toll in this case. Though 18 U.S.C. § 3613 is indeed silent on this point, the statute is not silent with respect to its reach of *rights* to property as well as property itself: "[A]n order of restitution made pursuant to section[] . . . 3664 of this title[] is a lien in favor of the United States on all property and *rights to property* of the person fined[.]" (Emphasis added). Importantly, the Eleventh Circuit has held that Florida property law,

6

including Florida's homestead exemption, cannot apply against contrary federal law. *See United States v. 817 N.E. 29th Drive, Wilton Manors, Florida*, 175 F.3d 1304, 1311 n.14 (11th Cir. 1999) (federal forfeiture statute covers Florida homestead); *United States v. 3262 Southwest 141 Ave.*, 33 F.3d 1299, 1301 n.6 (11th Cir. 1994) (same); *United States v. Lot 5, Fox Grove, Alachua County, Florida*, 23 F.3d 359, 363 (11th Cir. 1994) (same); *United States v. 18755 North Bay Road*, 13 F.3d 1493, 1498 (11th Cir. 1994) (same). Further, "18 U.S.C. § 3613(a) provides that restitution may be enforced against *all* property, save certain enumerated exemptions, and these exemptions do not include a defendant's home." *United States v. Jaffe*, 314 F. Supp. 2d 216, 227 (S.D.N.Y. 2004), *aff'd*, 417 F.3d 259 (2d Cir. 2005) (emphasis in the original). Accordingly, because the Complaint sufficiently alleges that Craig Toll jointly owns the subject property, *see* Complaint at ¶ 12, the Government is not precluded from bringing a cause of action to foreclose on Craig Toll's rights to the property notwithstanding Regina Toll's ownership interest in the same.[3]

With respect to Defendants' second argument – that "[t]here cannot be any equitable lien without a showing of an outstanding balance on the underlying obligation" and that the Government has failed to allege such by "completely avoid[ing] reference" to the amount of restitution recovered from Craig Toll's co-defendant – Defendants have offered no authority to support such particular pleading specificity. *See* ECF No. [9] at 4. The criminal court found Craig Toll jointly and severally liable with other defendants in the amount of $3,300,000 (plus interest), which means that Craig Toll is individually liable for that entire amount. *See United States v. Baldwin*, 774 F.3d 711, 729 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1882 (2015); *see also Borden, Inc. v. Florida East Coast Ry. Co.*, 772 F.2d 750, 753 (11th Cir. 1985) ("Under

---

[3] Defendants' argument, though insufficient to compel dismissal of the Complaint, may be asserted at a later stage in proceedings.

Florida law, joint tortfeasors are jointly and severally liable for all damages recoverable by the plaintiff."). The Court recognizes, as does the Government, that Craig Toll is "credited with any payments made by joint and several co-defendants." ECF No. [11] at 7. The Court concludes, however, that the Government need not plead the specific amount owed by Craig Toll (and in doing so determine and allege the specific amount, if any, recovered from Craig Toll's co-defendant) in order to state a claim for foreclosure upon Craig Toll's real property pursuant to the restitution lien it holds.[4] Defendants have proper notice of the basis for the Government's intended action, as the Complaint alleges that Craig Toll has paid $4,199.00 towards the underlying debt, that the debt remains outstanding, that a lien is recorded to secure said debt, and that the Government intends to foreclose on the lien to partially satisfy the debt.[5] The Court finds nothing more is required at this stage of proceedings.

---

[4] Defendants' contention in their Reply, ECF No. [21] at ¶ 1, that the Government is incorrect to assert in its Response that the Complaint alleges that the underlying debt "remains unsatisfied" – a contention which focuses on the amount of restitution that may or may not have been recovered by Craig Toll's co-defendant – is simply inaccurate. The Complaint unambiguously alleges that the Government "seeks to recover the *unpaid* criminal restitution judgment against Craig Toll . . . ." Complaint at ¶ 10 (emphasis added). The Court finds this allegation that the underlying debt remains unsatisfied sufficient; an allegation as to the precise amount currently owed on the unsatisfied debt is not necessary. Moreover, were the Court to entertain Defendants' argument that it would be "impossible to know whether any debt remains" without a specific allegation that the amount recovered from Craig Toll's co-defendant has been insufficient to satisfy the underlying debt, *id.* at ¶ 3, such a determination would be factual in nature and therefore inappropriate on a motion to dismiss.

[5] The Court is not persuaded by Defendants' attempt to analogize the Government's foreclosure claim to an account stated claim. *See* ECF No. [9] at 3-4. Under federal law, "an account stated refers to a promise by a debtor to pay a stated sum of money which the parties had agreed upon as the amount due." *National Econ. Research Assocs., Inc. v. Purolite C Corp.*, 2011 WL 856267, at *2 (S.D.N.Y. Mar. 10, 2011) (internal quotation marks and citations omitted). The restitution order entered against Craig Toll – through which a court has ordered Craig Toll to pay the underlying debt and has set the conditions of such payment – cannot be considered a promise or agreement by Craig Toll to pay the debt specified.

IV. **CONCLUSION**

For the reasons stated herein, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss, **ECF No. [9]**, is **DENIED.**  Defendants have until **December 16, 2016** to file an Answer to the Complaint.

**DONE AND ORDERED** in Miami, Florida, this 5th day of December, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record